UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

COLLIE SANKS,
          *Plaintiff*,

    v.

INTERNATIONAL GOURMET FOODS,
INC.,
          *Defendant*.

No. 1:24-cv-01297-MSN-IDD

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand this case to state court (ECF 9). For the foregoing reasons, the Court will grant Plaintiff's Motion and remand his state law claim.

I.     **INTRODUCTION**

Plaintiff filed his initial Complaint in the Circuit Court for the County of Fairfax, Virginia on May 20, 2024. ECF 1-1 at 3. The Complaint asserted claims under both state and federal law. *See id.* at 20. Defendant removed the case to this Court On July 22, 2022, invoking the Court's federal question jurisdiction over Plaintiff's federal law claims. *See* ECF 1. Defendant filed a motion to dismiss on August 2, 2024, ECF 5, and Plaintiff filed his Amended Complaint on August 16, 2024, ECF 7. The Amended Complaint deleted Plaintiff's federal law claim and asserted only a state law claim. *Id.* at 12.

Plaintiff moved to remand on August 23, 2024, arguing that remand to state court is appropriate because his case now asserts no federal law claims over which this Court has original

jurisdiction. ECF 9; ECF 10. Defendant opposed remand on September 6, 2024, and Plaintiff filed a reply brief on September 12. ECF 14; ECF 17.[1]

## II.    ANALYSIS

This case turns on the application of the supplemental jurisdiction statute, 28 U.S.C. § 1367, subsection (a) of which provides that in general, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [their] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." When district courts possess supplemental jurisdiction over such claims, they may still decline to exercise that jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c). A district court's decision to decline to exercise supplemental jurisdiction is subject to review for abuse of discretion. *Root v. County of Fairfax*, 371 Fed. App'x 432, 435 (4th Cir. 2010). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 2010).

There is no dispute here that this Court has supplemental jurisdiction over Plaintiff's state law claim. This Court possessed original jurisdiction over Plaintiff's original federal law claim that he brought under 42 U.S.C. § 2000e-2(a), and Plaintiff's federal and state law claims were

---

[1]  Defendant also filed a Motion to Dismiss Plaintiff's Amended Complaint on August 28, 2024. ECF 12. Because the Court will grant the Motion to Amend, it will deny the Motion to Dismiss as moot.

premised on the same facts and legal theories, thus forming part of the same case or controversy. 28 U.S.C. § 1367(a).

The only question, therefore, is whether this Court can and should remand Plaintiff's state law claim because Plaintiff has amended his Complaint to remove any federal law claim. Plaintiff relies primary on *Calloway v. County of Powhatan*, 2023 WL 2276863 (E.D. Va. Feb. 28, 2023) in arguing that remand is appropriate here. In *Calloway*, Judge Gibney considered a case involving essentially the same issue, in which the plaintiff "amended her complaint as a matter of course . . . , removing her federal claims," then moved to remand to state court. *Id.* at *1. While the Court did not discuss Section 1367(c) in detail it determined that considerations of comity counseled in favor of remand. *Id.* at *2. Plaintiff also points to *Boone v. CSX Transportation, Inc.*, 2018 WL 1308914, at *4-5 (E.D. Va. Mar. 13, 2018), wherein Judge Payne found on similar facts that Section 1367(c)(3) applied and that discretionary remand was appropriate.

Defendant argues that these cases were wrongly decided and that this Court may not decline to exercise supplemental jurisdiction based on Section 1367(c)(3) because that provision applies only where "*the district court* has dismissed all claims over which it has original jurisdiction." ECF 15 at 5-9. This language, Defendant claims, does not apply here, because *Plaintiff*, not the Court, amended his Complaint to remove the federal claims. That is, "eliminating a claim through an amendment does not constitute a dismissal by the court of that claim." *Id.* at 12. Defendant has not pointed to any case law supporting its theory.

The Court need not resolve the issue of whether (c)(3) applies, because it may decline to exercise supplemental jurisdiction based instead on 28 U.S.C. § 1367(c)(2), which contemplates cases in which "the [state law] claim substantially predominates over the claims over which the district court has original jurisdiction." In *Southard v. Newcomb Oil Co., LLC*, 7 F.4th 451, 455

(6th Cir. 2021), the Sixth Circuit determined that when "the complaint was amended" to remove all federal claims, "the state-law claims necessarily predominated over the (now non-existent) federal claim." The Fifth Circuit, too, has concluded that "state law claims predominate over . . . non-existent federal claims." *Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011). The Court is persuaded by these out-of-circuit cases. Because there are no federal claims left in the case, the state law claims *ipso facto* predominate over any claims this Court had original jurisdiction over, so the Court has discretion to remand those state law claims to state court.

Having found that it *may* remand Plaintiff's state law claim, the Court must determine whether such an exercise of discretion is appropriate by considering the factors of "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58 F.3d at 110. The first and fourth facts, insofar as they implicate "convenience" and "judicial economy," weigh ever-so-slightly against remand. While the parties have filed and briefed a motion to dismiss in this Court, no decision on the merits has issued, and it will require little additional effort to make those same arguments before the state court. The second factor—whether there are underlying issues of federal policy—supports remand because Plaintiff's sole claim is for violation of Virginia anti-discrimination law, and no question or issue of federal policy is implicated. And the third factor, comity, weighs strongly in favor of remand, as "[n]eedless decisions of state law should be avoided .both as a matter of comity and to promote justice between the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1968). On balance, therefore, the relevant factors weigh in favor of remand.

## III.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Remand (ECF 9) is **GRANTED**; and it is further

**ORDERED** that this case is remanded to the Circuit Court for the County of Fairfax to adjudicate the state law claims in Plaintiff's Amended Complaint; and it is further

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF 12) is **DENIED** as moot.

It is **SO ORDERED.**

/s/
_____
Michael S. Nachmanoff
United States District Judge

September 24, 2024
Alexandria, Virginia